Estate of Wong Goo Shee, Deceased, Katt Chiu Wong, Assignee v. Commissioner.
Estate of Wong Goo Shee v. Commissioner
Docket Nos. 3586, 3984, 11057, 11716.
United States Tax Court
1948 Tax Ct. Memo LEXIS 22; 7 T.C.M. (CCH) 918; T.C.M. (RIA) 48258; December 7, 1948
*22 E. R. Cameron, C.P.A., Honolulu, T.H., for the petitioner. Owen W. Swecker, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined the following deficiencies in income tax and additions thereto for failure to file returns within the time prescribed: Docket No.
Year
Deficiency
Addition
3586
1939
$ 268.13
3984
1940
1,308.31
$327.08
11716
1941
2,982.22
745.56
11057
1942
2,672.97 The facts have been stipulated and the stipulation is adopted as the findings of fact. [The Facts] The first issue is whether three assignments made by Wong Goo Shee, hereafter referred to as the decedent, relating to the income of a trust of which she was life beneficiary, were sufficient to relieve her from income tax on the income of the trust. Wong You, in 1925, conveyed a number of pieces of real property situated in Honolulu, Territory of Hawaii, to his son, Katt Chiu Wong, in trust with the provision that after the death of the grantor net income from the trust should be paid to his widow, the decedent herein. The grantor died in 1928. The decedent herein lived through the taxable years in question. *23 She was a nonresident alien at all times material hereto. The decedent, while visiting in Honolulu on October 31, 1939, assigned to her son, who was also the trustee, all of her right to the income to which she was entitled under the provisions of the Wong You Trust for the period beginning November 1, 1939 and ending on December 31, 1940. She made a similar assignment on January 3, 1941 assigning to her son the income of the trust for the period beginning January 1, 1941 and ending December 31, 1942. She made another assignment on August 28, 1942 under which she gave to her son all of her right to the income from the trust beginning as of July 1, 1942. It is not contended that there was a money consideration for any of the assignments. [Opinion] The petitioner relies upon , and argues that the decedent transferred income-producing property in each of the assignments and thereafter was not taxable upon the income. The respondent contends that the first two assignments, one assigning the income for a period of 14 months and the other assigning the income for a period of 24 months, were not transfers of income-producing property *24 but were assignments of the right of the decedent to receive income for short periods and were merely anticipatory assignments of future income under which the income would still be taxable to her. He cites , , , and . Although the Farkas case has since been reversed, Fed. (2d) , (Oct. 30, 1948), nevertheless, those cases are authority for holding that assignments for such short periods of time as these do not relieve the assignor of income tax under the principle of the Blair case. Thus far, no error is found in the determination of the Commissioner. The Commissioner, apparently recognizing that the third assignment, the one made on August 28, 1942, was a complete assignment of the decedent's entire interest in the trust so that the Blair case would apply, argues that the record does not show how much of the income of the trust for 1942 was realized after August 28, 1942 and, therefore, the petitioner must lose for failure of proof on this point. The indications *25 are, however, that the income of the trust accrued ratably over any given period. A proper solution under such circumstances is to tax to the decedent only two-thirds of the income of the trust for 1942, as the petitioner contends. The Wong You Trust provided that the income of the trust could be set aside to pay off the principal of liens against the real estate transferred to the trustee and only the balance would be payable to the life beneficiary, but in making a payment of principal the trustee was to have due regard for the personal necessities and comfort of the life beneficiary. The son was not only trustee and the person named in his mother's assignment to receive the income, but was also the remainderman under the terms of the trust. The parties have stipulated that the trustee "paid from the funds of the Wong You Trust, during the calendar years 1939, 1940, 1941 and 1942, in partial or complete liquidation of the principal of the obligations of the Wong You Trust" certain amounts. The stipulated amount for 1939 far exceeded the taxable net income of the trust, and the stipulated amount for 1940 was slightly in excess of the taxable net income of the trust while the stipulated *26 amounts for 1941 and 1942 were less than the taxable net income of the trust. The petitioner argues, as an alternative to its first contention, that the decedent was entitled to receive only the net income of the trust in excess of that used to retire indebtedness and her distributive share for any of the taxable years could not be more than the excess of taxable income of the trust for that year over the amount of trust funds used in that year to retire indebtedness. Incidentally, the stipulation shows that the decedent did not receive any distributions from the trust during the taxable years. We are unable to agree with the petitioner that this record shows income distributable to the decedent in amounts less than those determined by the Commissioner. The trust deed authorizes the trustee to "set apart from said income, by monthly accumulations, an amount sufficient * * * to pay the principal thereof." Thus, it is possible that the amounts actually paid during the taxable years were accumulated for the purpose in prior years and the stipulated figures show that this must have been true of the payments made in 1939 and 1940 because those payments exceeded the taxable net income *27 of the estate for each year. Furthermore, the stipulation does not show that the payments made to retire principal were made from income of the trust. The stipulation is that they were made from "funds" of the trust. As stated above, this stipulation does not sufficiently support the alternative contention of the petitioner to justify any relief thereunder. The next contention of the petitioner is that the additions to the tax for failure of the petitioner to file timely returns for 1940 and 1941 are shown by the evidence to be improper under the law. It is not necessary to discuss all of the arguments advanced by the petitioner in support of this contention. The stipulation shows that the tax due from the decedent had always been properly reported and paid prior to the assignments considered herein. Also, a return was timely filed on her behalf for 1939. The decedent and her son received advice and assistance in filing their returns from a competent, experienced advisor. Returns were filed for the trust for 1940 and 1941 showing that the income was distributable to the son and he filed returns reporting that income. A return for the decedent for 1940 was filed on September 2, 1941 showing *28 no tax due because the income from the Wong You Trust for 1941 had been assigned to and reported by the decedent's son. A similar return for 1941 was filed in July 1948. The petitioner argues, inter alia, that reasonable cause for the decedent's failure to file returns for 1940 and 1941 is shown by the record in that (1) she sought competent advice, (2) her advisor believed at the time that no returns were due from her, (3) he was well informed in tax matters, and (4) there was reasonable ground for his belief because the Blair case had already been decided and the law even now is not so clear. No contention is made that the failure to file was due to willful neglect. Precautionary returns showing no tax due were eventually filed for each year. It is held that there was reasonable cause for the failure to file the returns for 1940 and 1941. Decision will be entered under Rule 50.